UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMAREE R. JAMES, )
)
    Plaintiff, )
)
v. )
) CASE NO. 1:23-cv-03588-JPB-CMS
EXPERIAN INFORMATION )
SOLUTIONS, INC., )
)
    Defendant. )
_____ )

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Pursuant to Local Rule 16.2, the parties submit this Joint Preliminary Report and Discovery Plan:

**1. Description of Case:**

**(a) Describe briefly the nature of this action.**

Plaintiff alleges violation of §§ 1681(b) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

<u>Plaintiff</u>: EXPERIAN INFORMATION SOLUTIONS, INC Violated several FCRA regulations. Upon on the Plaintiff's request for dispute and investigation,

1

EXPERIAN INFORMATION SOLUTIONS, INC did not complete a real investigation. EXPERIAN INFORMATION SOLUTIONS, INC used an automated auto verification system called e-oscar to process Plaintiff's disputes. EXPERIAN INFORMATION SOLUTIONS, INC has no legal or lawful authority to furnish any data to a consumer report without having a judgment by a court with proper jurisdiction or the written consent of the consumer to whom it relates in accordance with the FCRA. EXPERIAN INFORMATION SOLUTIONS, INC must report accurate and complete information if they had the lawful means to do so and EXPERIAN INFORMATION SOLUTIONS, INC has furnished data without legal and or lawful authority and the data that has been furnished is incomplete and inaccurate. EXPERIAN INFORMATION SOLUTIONS, INC has not completed a real and proper investigation in accordance with the FCRA and the Plaintiff thinks no proof of proper investigation exists. EXPERIAN INFORMATION SOLUTIONS, INC acted with malice, willful negligence, and willful noncompliance.

**Defendant Experian Information Solutions, Inc.'s ("Experian") Statement**: This is an action for damages brought by an individual consumer against Experian, a consumer reporting agency as defined by 15 U.S.C. §1681a(f)

for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). Defendant Experian denies that it failed to comply with the requirements set forth under the FCRA, denies that it is liable to Plaintiff, and denies that Plaintiff suffered damage as a result of any alleged wrongful actions or inactions of Experian. Discovery has not yet begun, and Experian bases this statement on the facts and information currently available to it and reserves the right to supplement this summary if necessary as this case and the facts develop. Experian readopts and realleges its affirmative defenses from the Answer and Affirmative Defenses filed in response to Plaintiff's Complaint as if fully set forth herein. At this time, Experian is not asserting any claims against Plaintiff in this action.

**(c) The legal issues to be tried are as follows:**

**Plaintiff**: 1. Plaintiff's claim for relief is granted under FCRA under 15 U.S. Code § 1681n - Civil liability for willful noncompliance.

2. Plaintiff's claim of negligence arise from EXPERIAN INFORMATION SOLUTIONS, INC not doing a real or proper investigation or reinvestigation into the Plaintiff's disputes and failure to comply with FCRA regulations in accordance to 15 U.S. Code § 1681o - Civil liability for negligent noncompliance

3. Plaintiff's claim of negligence arise from EXPERIAN INFORMATION SOLUTIONS, INC not doing a real or proper investigation or reinvestigation into

3

the Plaintiff's disputes and failure to comply with FCRA regulations in accordance to the FCRA under 15 U.S. Code § 1681n - Civil liability for willful noncompliance.

4. Plaintiff suffered damages to his credit worthiness because of the Defendant's negligence and noncompliance, causing severe damages to his FICO score. Plaintiff's relief is monetary damages in the amount of $1000 per violation in accordance to the FCRA under 15 U.S. Code § 1681n - Civil liability for willful noncompliance.

5. Casual links between the parties is that the Plaintiff disputed falsely reporting data on his consumer report and EXPERIAN INFORMATION SOLUTIONS, INC failed to comply with the FCRA by not doing any real investigation into the matter.

6. Plaintiff is entitled to actual damages in accordance to 15 U.S. Code § 1681n - Civil liability for willful noncompliance.

7. Plaintiff is entitled to statutory damages in accordance to 15 U.S. Code § 1681n - Civil liability for willful noncompliance.

8. Plaintiff is entitled to punitive damages in accordance to 15 U.S. Code § 1681n - Civil liability for willful noncompliance.

9. Plaintiff is entitled to cost in accordance to 15 U.S. Code § 1681n - Civil liability for willful noncompliance.

**Defendant Experian's Position**:

- Whether Plaintiff has stated any claims upon which relief may be granted;

- Whether any consumer report prepared by Experian contained an inaccuracy;

- Whether Plaintiff has established a claim against Experian for negligent noncompliance with the FCRA;

- Whether Plaintiff has established a claim against Experian for willful noncompliance with the FCRA;

- Whether Plaintiff suffered any damage as a result of any actions or inactions of Experian;

- Whether any causal links exist between Experian's alleged actions or inactions and Plaintiff's alleged damages;

- Whether Plaintiff is entitled to actual damages pursuant to the FCRA;

- Whether Plaintiff is entitled to statutory damages pursuant to the FCRA;

- Whether Plaintiff is entitled to punitive damages pursuant to the FCRA; and

Whether any party is entitled to costs or attorneys' fees.

**(d) The cases listed below (include both style and action number) are:**

(1) Pending Related Cases: N/A

(2) Previously Adjudicated Related Cases: N/A

**2. This case is complex because it possesses one or more of the features listed below (please check): N/A**

    \_\_\_\_\_ (1) Unusually large number of parties

    \_\_\_\_\_ (2) Unusually large number of claims or defenses

    \_\_\_\_\_ (3) Factual issues are exceptionally complex

    \_\_\_\_\_ (4) Greater than normal volume of evidence

    \_\_\_\_\_ (5) Extended discovery period is needed

    \_\_\_\_\_ (6) Problems locating or preserving evidence

    \_\_\_\_\_ (7) Pending parallel investigations or action by government

    \_\_\_\_\_ (8) Multiple use of experts

    \_\_\_\_\_ (9) Need for discovery outside United States boundaries

    \_\_\_\_\_ (10) Existence of highly technical issues and proof

    \_\_\_\_\_ (11) Unusually complex discovery of electronically stored information

**3. Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

    Plaintiff: *Pro se*

    Defendant Experian: Megan A. Kirk, Jones Day

## 4. Jurisdiction:

Is there any question regarding this Court's jurisdiction?

____Yes _X___No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

## 5. Parties to This Action:

(a) The following persons are necessary parties who have not been joined: N/A

(b) The following persons are improperly joined as parties: N/A

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: N/A

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

## 6. Amendments to the Pleadings:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary: None anticipated at this time.

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7. Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) Motions to Compel: Before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) Summary Judgment Motions: Within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

No parties object to serving initial disclosures and agree that Initial Disclosures should be served no later than September 15, 2023.

**9. Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

None of the parties request a scheduling conference at this time.

**10. Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period. In the event a party amends its pleading in a manner that creates a need for additional discovery, any party may move the Court to extend the discovery period for a reasonable time.

Please state below the subjects on which discovery may be needed:

9

**Plaintiff**:

Discovery is needed so that the defendant can show proof of doing a proper investigation and that the defendant complied with all regulatory compliances in accordance with the FCRA.

**Defendant Experian**: Based on what is presently known, Experian intends to conduct discovery that includes but is not limited to the following subjects: (a) the facts and circumstances surrounding each and every allegation in Plaintiff's Amended Complaint; (b) Plaintiff's alleged damages (economic and non-economic); (c) whether there is any causal relationship between Plaintiff's alleged damages and any consumer report(s) issued by Experian; (d) Plaintiff's financial and consumer history; (e) any communications between either Plaintiff and Experian; (f) any communications between Plaintiff and any other defendant in this or any other related lawsuit (including Plaintiff's virtually identical case pending against Equifax, as noted above); (g) any communications between Plaintiff and any third parties regarding the matters in Plaintiff's Complaint; (h) Plaintiff's failure to mitigate her damages; (i) discovery necessitated by discovery sought by Plaintiff.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be

conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below: N/A

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

No Party requests a change to the Federal Rules of Civil Procedure or the Local Rules.

**Experian:**

(b) Is any party seeking discovery of electronically stored information?

\_\_\_X\_\_\_ Yes _____ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties agree to produce documents in PDF format.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable

Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The parties agree to produce documents in PDF format.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

12. Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**Plaintiff:** Plaintiff is in agreement with the orders already set forth in this matter and believes no furth others are needed.

**Experian:** The Parties have agreed to service of discovery and pleadings via email in accordance with Fed. R. Civ. P. 5(b)(2)(E). The Parties anticipate filing a proposed protective order to address the production of confidential and/or trade secret information.

13. Settlement Potential:

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on September 1, 2023, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

12

For plaintiff: Lead counsel (signature): *Jamaree James*

Jamaree James, Pro Se

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(__X__) A possibility of settlement before discovery.

(__X__) A possibility of settlement after discovery.

(_____) A possibility of settlement, but a conference with the judge is needed.

(_____) No possibility of settlement.

(c) Counsel(__X__) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d) The following specific problems have created a hindrance to settlement of this case. None at this time.

**14. Trial by Magistrate Judge:**

The parties do not consent to having this case tried before a magistrate judge of this Court.

DATED: October 11th, 2023          Respectfully submitted,

*/s/ JAMAREE R. JAMES*
JAMAREE R. JAMES
JAMAREE.RJAMES@GMAIL.COM
6470 SAINT MARK WY
FAIRBURN, GA 30213
(678) 775-9078
***PRO SE PLAINTIFF***

DATED: September __, 2023          Respectfully submitted,

By:   */s/ Megan A. Kirk*
      Megan A. Kirk
      Ga. Bar No. 559988
      mkirk@jonesday.com
      JONES DAY
      1221 Peachtree Street, N.E., Suite 400
      Atlanta, Georgia 30361
      404-581-8773
      ***ATTORNEY FOR DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.***

14

## **LOCAL RULE 5.1 CERTIFICATION**

I hereby certify that the foregoing has been prepared in Times New Roman 14-point font in accordance with Local Rule 5.1.

*/s/Jamaree James Pro Se*

*JAMAREE JAMES*

# CERTIFICATE OF SERVICE

I certify that on this 11th day of October, 2023, a true and correct copy of the foregoing Joint Preliminary Report and Discovery Plan has been served upon Plaintiff *pro se* via U.S. Mail at the address shown below:

A courtesy copy has also been sent to Plaintiff's email of record:
Jamaree R. James
jamaree.rjames@gmail.com
6470 Saint Mark Way
Fairburn, GA 30213
(678) 775-9078
***Pro Se Plaintiff***

Jamaree James
6470 Saint Mark Way
Fairburn Ga 30213

7018 3090 0002 0434 7255

CLEARED
*023*
U.S. Marshals Service
Atlanta, GA

Retail

U.S. POSTAGE PAID
FCM LG ENV
FAIRBURN, GA 30213
OCT 13, 2023
$6.42
R2304W119656-06
RDC 99
30303

CLEARED
OCT 16 2023
U.S. Marshals Service
Atlanta, GA

Office of the Clerk
United States District Court
2211 United States Courthouse
78 Ted Turner Dr SW
Atlanta Ga 30303